1  **JOSEPH M. McMULLEN**
   California State Bar No. 246757
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: joseph_mcmullen@fd.org

5  Attorneys for Mr. Zamora

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10              **(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| 11 UNITED STATES OF AMERICA, | ) | Case No. 08CR2710-WQH |
| 12    Plaintiff, | ) ) | DATE: September 15, 2008 |
|  | ) | TIME: 2:00 p.m. |
| 13 v. | ) ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| 14 JUAN VICTOR ZAMORA, | ) ) | 1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; |
| 15    Defendant. | ) ) | 2) DISMISS THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE; |
|  | ) ) | 3) DISMISS THE INDICTMENT FOR VIOLATING THE RIGHT TO PRESENTMENT; |
|  | ) ) | 4) DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY; |
|  | ) ) | 5) COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS; AND, |
|  | ) ) | 6) GRANT LEAVE TO FILE FURTHER MOTIONS |

22 TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
           CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

24         **PLEASE TAKE NOTICE** that, on Monday, September 15, 2008, at 2:00 p.m., or as soon thereafter

25 as counsel may be heard, the accused, Juan Victor Zamora, by and through his attorneys, Joseph M.

26 McMullen, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the

27 motions listed below.

28 / / /

**MOTIONS**

Juan Victor Zamora, the accused in this case, by and through his attorneys, Joseph M. McMullen, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an Order:

1) COMPEL DISCOVERY AND PRESERVE EVIDENCE;

2) DISMISS THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE;

3) DISMISS THE INDICTMENT FOR VIOLATING THE RIGHT TO PRESENTMENT;

4) DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY;

5) COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS; AND

6) TO GRANT LEAVE TO FILE FURTHER MOTIONS.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED:    August 25, 2008        */s/ Joseph M. McMullen*
                                 **JOSEPH M. McMULLEN**
                                 Federal Defenders of San Diego, Inc.
                                 Attorneys for Juan Victor Zamora

**JOSEPH M. McMULLEN**
California State Bar No. 246757
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: joseph_mcmullen@fd.org

Attorneys for Mr. Zamora

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUAN VICTOR ZAMORA,<br><br>　　　　　Defendant. | Case No. 08CR2710-WQH<br><br>DATE:　September 15, 2008<br>TIME:　2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

On March 29, 2008, Juan Victor Zamora was arrested at the San Ysidro Port of Entry. An indictment charging him with attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b) was filed on August 13, 2008. These motions follow.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Zamora moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

　　　　(1)　　The Defendant's Statements. The government must disclose to the defendant all copies of

any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)[1]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2)     Arrest Reports and Notes. The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records not already produced that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland. The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding).

(3)     Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

---

[1] Of course, any of Mr. Zamora's statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

government's case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Under <u>Brady</u>, <u>Kyles</u> and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. See also <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Zamora.

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The government must also produce this information under <u>Brady v. Maryland</u>. This request includes any cooperation or attempted cooperation by the defendant, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. See <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Zamora requests such reasonable notice at least two weeks before trial so as to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,

or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party in relation to this case.

(9)  <u>Henthorn Material</u>. Mr. Zamora requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F.Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10)  <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession, including, but not limited to, the defendant and any other photos taken in connection with this case.

(11)  <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(12)  <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

1  (13) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective
2 government witness has engaged in any criminal act whether or not resulting in a conviction and whether any
3 witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v.
4 Maryland</u>.

5  (14) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests
6 any evidence that any prospective witness is under investigation by federal, state or local authorities for any
7 criminal conduct.

8  (15) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The
9 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
10 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and
11 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
12 alcoholic.

13  (16) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material,
14 including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500;
15 Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant
16 to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
17 of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).
18 <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101
19 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are
20 subject to Jencks Act).

21  (17) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant
22 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
23 for their testimony in this case, and all other information which could arguably be used for the impeachment
24 of any government witnesses.

25  (18) <u>Agreements Between the Government and Witnesses</u>. In this case, the defendant requests
26 identification of any cooperating witnesses who have committed crimes, but were not charged, so that they
27 may testify for the government in this case. The defendant also requests discovery regarding any express or
28

1 implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind
2 of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,
3 forfeiture or fine liability between any prospective government witness and the government (federal, state
4 and/or local). This request also includes any discussion with a potential witness about, or advice concerning,
5 any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
6 followed.

7       Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u>
8 statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements
9 regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of
10 these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

11       (19)   <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and
12 addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular,
13 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
14 charged against Mr. Zamora. The government must disclose the informant's identity and location, as well as
15 the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United</u>
16 <u>States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants
17 which exculpates or tends to exculpate the defendant.

18       (20)   <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any
19 information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>. Such
20 information would include what, if any, inducements, favors, payments or threats were made to the witness
21 to secure cooperation with the authorities.

22       (21)   <u>Inspection and Copying of A-File</u>. Mr. Zamora requests that this Court order the government
23 to make all A-Files relevant to Mr. Zamora available for inspection and copying.

24       (22)   <u>Residual Request</u>. Mr. Zamora intends, by this discovery motion, to invoke his rights to
25 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
26 and laws of the United States. Mr. Zamora requests that the government provide his attorney with the above-
27 requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.
28

## III.

## **DISMISS THE INDICTMENT BECAUSE IT FAILS TO STATE AN OFFENSE**

The indictment must be dismissed because it fails to state an offense. The Fifth Amendment requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . .." Consistent with this Constitutional requirement, the Supreme Court has held that an indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Carll, 105 U.S. 611, 612-13 (1881) (emphasis added). It is black letter law that an indictment that does not allege an element of an offense, even an implied element, is defective, and should be dismissed. See, e.g., Russell v. United States, 369 U.S. 749, 769-72 (1962); Stirone v. United States, 361 U.S. 212, 218-19 (1960); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914(9th Cir. 2002)

In this case, the indictment purports to charge a violation of Title 8, United States Code, Sections 1326(a) and (b). In United States v. Salazar-Lopez, 506 F.3d 748, 751 (9th Cir. 2007), the Ninth Circuit indicated that to be sufficient, an indictment charging a violation of section 1326(b) must allege either that the defendant has been previously removed subsequent to a conviction (*i.e.,* for a misdemeanor, a felony, an aggravated felony, or a crime of violence), or it must allege a specific date of the prior removal. In this case, the indictment only alleges that Mr. Zamora "was removed from the United States subsequent to February 17, 2006." The indictment does not allege either that this "removal" occurred subsequent to a conviction nor does it allege a specific date of the prior removal. Accordingly, the indictment does not allege all elements of section 1326(b). Therefore, the indictment should be dismissed.

## IV.

## **DISMISS THE INDICTMENT BECAUSE IT VIOLATES MR. ZAMORA'S RIGHT TO PRESENTMENT**

The criminally accused have a Fifth Amendment right to have a grand jury pass upon those facts necessary to convict him or her at trial. In this case, the government included the following language in the

1  indictment: "It is further alleged that defendant JUAN VICTOR ZAMORA was removed from the United
2  States subsequent to February 17, 2006."[2]  The indictment in this case violates Mr. Zamora's right to
3  presentment in two ways.  First, the language added by the government does not ensure that the grand jury
4  actually found probable cause that Mr. Zamora was deported after February 17, 2006, as opposed to simply
5  being physically removed from the United States.  Second, that the grand jury found probable cause to believe
6  that Mr. Zamora was removed "subsequent to February 17, 2006" does not address the possibility that the
7  government may at trial rely on a deportation that was never presented to, or considered by, the grand jury.

8  The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise
9  infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. Const. Amend. V.  The
10 Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be
11 informed of the nature and cause of the accusation . . .."  U.S. Const. Amend. VI.  Thus, a defendant has a
12 constitutional right to have the charges against him presented to a grand jury and to be informed of the
13 grand jury's findings via indictment.  See Russell v. United States, 369 U.S. 749, 763 (1962) (An indictment
14 must "contain[] the elements of the offense intended to be charged, and sufficiently apprise[] the defendant
15 of what he must be prepared to meet.").

16 To be sufficient, an indictment must allege every element of the charged offense.  See United States
17 v. Morrison, 536 F.2d 286, 287 (9th Cir. 1976) (citing United States v. Debrow, 346 U.S. 374 (1953)).
18 Indeed, in order to be sufficient, an indictment must include implied elements not present in the statutory
19 language.  See Du Bo, 186 F.3d at 1179.  "If an element is necessary to convict, it is also necessary to indict,
20 because elements of a crime do not change as criminal proceedings progress."  United States v. Hill, 279 F.3d
21 731, 741 (9th Cir. 2002).  An indictment's failure to "recite an essential element of the charged offense is not
22 a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment."  Du Bo, 186 F.3d at 1179.

---

[2]  Presumably, the government added this language in an attempt to comply with the Ninth Circuit's decision in United States v. Covian-Sandoval, 462 F.3d 1090 (9th Cir. 2006).  In Covian-Sandoval, the Ninth Circuit held that it is an Apprendi violation for a court to increase a person's statutory maximum under 8 U.S.C. § 1326(b) via a court-finding that a person had been removed from the United States following a conviction.  As indicated above, however, this language does not cure the problems with this indictment.  Should sentencing become necessary, Mr. Zamora will file further briefing on this issue.

1    In the indictment, the government here has added the language, "It is further alleged that defendant JUAN VICTOR ZAMORA was removed from the United States subsequent to February 17, 2006." There is no indication from this "allegation" that the grand jury was charged with the legal meaning of the word "removal" applicable in this context, as opposed to being simply removed from the United States in a colloquial sense. It is clear from Covian-Sandoval that in order to trigger the enhanced statutory maximum contained in section 1326(b), the government must prove that a person was removed—as that term is used in the immigration context—after having suffered a conviction. 462 F.3d at 1097-1098 (noting as part of its analysis that immigration proceedings have fewer procedural protections that criminal proceedings). A deportation has the following elements: "(1) that a deportation proceeding occurred as to [the] defendant and as a result, [(2)] a warrant of deportation was issued and [(3)] executed by the removal of the defendant from the United States." See United States v. Castillo-Basa, 483 F.3d 890 (9th Cir. 2007) (citing, without contesting, the elements of a deportation provided by the district court.) As this is the type of removal the government must prove before a petite jury, it is necessary that the government allege such a removal before the grand jury. As returned, however, there is no assurance from the face of the indictment that the grand jury in this case was charged with the _type_ of removal necessary to increase a person's statutory maximum under section 1326(b).

As such, there is no fair assurance that the grand jury will have passed upon those facts necessary to convict Mr. Zamora. Additionally, as charged, there is no fair assurance that the indictment will contain those allegations the government will attempt to prove at trial. If the government alleged before the grand jury that Mr. Zamora was removed (in a colloquial sense), but offers proof at trial that Mr. Zamora was removed (in an immigration sense), there will be a constructive amendment of the indictment at trial. See Stirone v. United States, 361 U.S. 212, 217-19 (1960). Either scenario represents a violation of Mr. Zamora's right to presentment. Stirone, 361 U.S. at 218-19.

A second problem with the indictment is that there is no indication which (if any) deportation the government presented to the grand jury. In most cases, the government will have a choice of deportations to present to the grand jury to support an allegation that a person had been deported after a specific date. This renders it a very real possibility that the government alleged one deportation to the grand jury to sustain its

1 allegation that Mr. Zamora was removed from the United States, but will attempt to prove at trial a wholly
2 different deportation to sustain its trial proof. If this were to turn out to be the case, Mr. Zamora's right to have
3 the grand jury pass on all facts necessary to convict him would be violated. See Du Bo, 186 F.3d 1179.

## V.
## DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY

6      The indictment in the instant case was returned by a panel of the January 2008 grand jury. To date,
7 defense counsel has not received a transcript of any of the proceedings from this grand jury.[3] Based on past
8 experience with the instructions given to the grand jury in this district, it is likely that the instructions to the
9 impaneled grand jury deviate from the instructions at issue in the major Ninth Circuit cases challenging a form
10 grand jury instruction previously given in this district in several ways.[4] First, instructing grand jurors that their
11 singular duty is to determine whether or not probable cause exists and that they have no right to decline to
12 indict when the probable cause standard is satisfied. Second, instructing grand jurors of a non-existent
13 prosecutorial duty to present exculpatory evidence. These instructions would compound erroneous
14 instructions to prospective grand jurors during *voir dire* of the grand jury panel, which immediately precedes
15 the instructions. Therefore, the indictment should be dismissed.

## VI.
## MOTION TO PRODUCE GRAND JURY TRANSCRIPTS

18      Mr. Zamora hereby moves this Court to compel the government to produce: one, a complete
19 transcript of the January 2008 grand jury impanelment; and two, all grand jury transcripts relating to this case.
20 See U.S. CONST. AMENDS V & VI. Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows disclosure "at
21 the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter
22 that occurred before the grand jury." In this case, there are numerous grounds.

---

[3] Included herein, and incorporated by reference into this motion, is a motion requesting the release of transcripts from the impanelment of this grand jury.

[4] See, e.g., United States v. Cortez-Rivera, 454 F.3d 1038 (9th Cir. 2006); United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir.) (en banc), cert. denied, 126 S. Ct. 736 (2005) (Navarro-Vargas II); United States v. Navarro-Vargas, 367 F.3d 896 (9th Cir. 2004)(Navarro-Vargas I); United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002) (per curiam).

1    As for the grand jury impanelment, as is indicated above, based on past experience, the grand jurors
2 in this district are not properly instructed on the law. The failure to properly instruct the grand jury is a basis
3 to dismiss an indictment. See Navarro-Vargas, 408 F.3d 1184. Accordingly, the showing has been made to
4 release these transcripts.

5    As for this particular case, as articulated above, there is no indication that the grand jury was charged
6 with the legal meaning of the word "removal" applicable in this context, as opposed to being simply removed
7 from the United States in a colloquial sense. Review of the grand jury transcripts related to this case is
8 necessary to ensure that the grand jury was instructed on the legal definition of "removal" in the immigration
9 context, as this concept is central to one of the elements of § 1326.

## VII.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

12    Mr. Zamora and defense counsel are continuing to receive discovery in this case. Moreover, counsel
13 has not been provided with the tape-recordings of Mr. Zamora's deportation proceedings. As new information
14 surfaces due to the government providing discovery in response to these motions or an order of this Court,
15 defense will find it necessary to file further motions, or to supplement existing motions with additional facts.
16 Specifically, defense counsel anticipates the possibility of filing a motion attacking the validity of Mr.
17 Zamora's deportation after reviewing the recording of the proceedings. Therefore, defense counsel requests
18 the opportunity to file further motions based upon information gained from discovery.

## VIII.

## CONCLUSION

21    For the reasons stated above, Mr. Zamora moves this Court to grant his motions.

                                                        Respectfully submitted,

24 DATED:        August 25, 2008            /s/ Joseph M. McMullen
                                            **JOSEPH M. McMULLEN**
25                                          Federal Defenders of San Diego, Inc.
                                            Attorneys for Mr. Zamora

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Caroline Han**

Caroline.Han@usdoj.gov; efile.dkt.gc1@usdoj.gov

Dated: August 25, 2008         /s/ Joseph McMullen
JOSEPH McMULLEN
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Joseph_McMullen@fd.org