KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-5220
Fax: (619) 235-2757
E-mail: caroline.han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN VICTOR ZAMORA,<br><br>Defendant. | Criminal Case No. 08CR2710-WQH<br><br>**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**<br><br>**(1) TO COMPEL SPECIFIC DISCOVERY**<br>**(2) TO DISMISS INDICTMENT FOR FAILURE TO ALLEGE ESSENTIAL ELEMENT OF OFFENSE**<br>**(3) DISMISS INDICTMENT DUE TO IMPROPER GRAND JURY INSTRUCTION**<br>**(4) DISMISS THE INDICTMENT FOR VIOLATING RIGHT TO PRESENTMENT**<br>**(5) PRODUCE GRAND JURY TRANSCRIPT**<br><br>**Hon. William Q. Hayes**<br>**September 15, 2008 at 2:00 pm** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Response and Opposition to Defendant's Motions to Compel Specific Discovery, to Dismiss Indictment for Failure to Allege Essential Element of the Offense, Dismiss Indictment Due to Improper Grand Jury Instruction, Dismiss Indictment for Violating Right to Presentment, and to Produce Grand Jury Transcript. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, and Memorandum of Points and Authorities.

# I

# STATEMENT OF FACTS

### A. Statement of the Case

On August 13, 2008, a federal grand jury handed up a one-count Indictment charging the defendant with Attempted Entry after Deportation in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to February 17, 2006. Defendant entered a not guilty plea before Magistrate Judge Ruben B. Brooks on September 15, 2008.

### B. Statement of Facts

#### 1. Defendant's Arrest

On March 29, 2008 at approximately 12:15 pm, the defendant attempted to enter the United States in the pedestrian lane of the San Ysidro Port of Entry. Customs and Border Protection (CBP) Officer Diana Serrato observed that the defendant presented her with a California birth certificate in the name of Saul Capetillo and that he stated that he was a United States citizen. CBP Officer Serrato asked the defendant for identification, and the defendant replied by stating that he had lost it. The defendant also provided Officer Serrato with two negative customs declarations. Officer Serrato asked the defendant where he was going, and he stated that he was going to California. Thereafter, the defendant was referred to secondary inspection.

During secondary inspection, the defendant's biographical data, fingerprints and photograph were entered into Customs and Border Protection's computer systems. These searches revealed that Defendant had previously been deported, and was a Mexican citizen. The defendant also stated that he was a Mexican citizen and had been deported three days prior from Fresno, and was attempting to return to Fresno. Thereafter, CBP officers conducted additional checks through immigration databases, and confirmed that the defendant is a Mexican citizen with no legal documents to enter or remain in the United States. The defendant was subsequently arrested.

At approximately 2:45 pm, the defendant was placed under arrest and advised of his Miranda rights. The defendant stated that he understood his rights, and invoked his right to remain silent.

**C. Defendant's Criminal History**

On August 5, 2003, the defendant was convicted of Possession of a Weapon in Bakersfield Municipal Court, and was ultimately sentenced to 9 months in jail.

In September 9, 2004, the defendant was convicted of Burglary in the First Degree in Bakersfield Superior Court, and was sentenced to 2 years prison.

On April 3, 2006, the defendant was convicted of Unlawful Taking of a Motor Vehicle in Bakersfield Superior Court, and was sentenced to 32 months prison.

**II**
**MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

The Government intends to continue full compliance with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure. To date, the Government has provided 94 pages of discovery as well as a DVD that includes the advisal of rights. The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

**(1) Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant. In addition, the United States objects to the defendant's request for a certified transcript of the defendant's post-arrest statements. Rule 16 does not require the United States to do so, and there is no reason that has been specified for this request. As such, the request should be denied.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

1  must preserve their original notes of interviews of an accused or prospective government witnesses).

However, the Government objects to providing Defendant with a copy of the rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(2) Arrest reports, notes, dispatch tapes**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case that are available at this time. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with a copy of the rough notes at this time because the notes are not subject

to disclosure under Rule 16, the Jencks Act, or Brady. The United States is presently unaware of any dispatch tapes relating to the Defendant's arrest in this case. In addition, the United States has already discovered a copy of the Report of Investigation for the defendant's case.

**(3) Brady Material**

The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does Brady require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

1  a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d
2  432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the
3  defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand
4  for
5  this information is premature.
6      **(4)   Information That May Result in a Lower Sentence Under the Guidelines** – The
7  Government has provided and will continue to provide the defendants with all Brady material that
8  may result in mitigation of the defendants' sentences.  Nevertheless, the Government is not
9  required to provide information bearing on the defendants' sentences until after the defendants'
10 convictions or guilty pleas and prior to their sentencing dates. See United States v. Juvenile Male,
11 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the
12 the defendants at a time when the disclosure remains in value").
13     **(5) Defendant's Prior Record**
14 The United States has already provided Defendant with a copy of any criminal record in
15 accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).
16     **(6) Proposed 404(b) and 609 Evidence**
17 Should the United States seek to introduce any similar act evidence pursuant to Federal
18 Rules of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its
19 proposed use of such evidence and information about such bad act at or before the time the United
20 States' trial memorandum is filed. The United States reserves the right to introduce as prior act
21 evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.
22     **(7) Evidence Seized**
23 The United States has complied and will continue to comply with Rule 16(a)(1)© in
24 allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical
25 evidence which is within the possession, custody or control of the United States, and which is
26 material to the preparation of Defendant's defense or are intended for use by the United States as
27 evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.
28 The United States, however, need not produce rebuttal evidence in advance of trial. United

1  States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**(8) Request for Preservation of Evidence**

After issuance of a an order from the Court, the United States will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence. The United States has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any request for inspection.

**(9) Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(10) Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The

Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(11) Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(12) Evidence of Bias or Motive To Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(13) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(14) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such

information, disclosure need only extend to witnesses the United States intends to call in its case-in chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(15) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The United States recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection or ability to communicate. The Government objects to providing any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(16) Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(17) Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(18)  Giglio Information and Agreements Between the Government and Witnesses**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio.  See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). As stated above, the Government will provide any Giglio information in connection with this case no later than two weeks prior to trial.

**(19) Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant who has information that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60- 61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

**(20) Evidence of Bias or Motive To Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(21) A-File**

The United States does not object to setting up a viewing of the discoverable portion of the defendant's A-file at a time that is mutually convenient for the parties. However, the United States objects to providing the defendant with the entire A-file as the defendant has requested in his motion because as the defendant is aware, the A-file contains attorney work product and other information that is not discoverable information.  This information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not ascertain

1   the A-File through such a request, the A-File is not Rule 16 discoverable information. Witness
2   statements would not be subject to production until after the witness for the United States testifies
3   and provided that a "motion" is made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. **In
4   addition, the defendant has requested the opportunity to view all A-files "relevant" to his
5   case. It is unclear what the defendant seeks in making this request, as such, the United
6   States cannot properly respond to this portion of the motion. If the defendant believes that
7   there is more than one A-file for him, then he should inform the United States of that and
8   a search will be done. However, the defendant is in a much better position than the United
9   States to know if he has used aliases in the past such that another A-file would exist for him.**

Moreover, the United States will produce a copy of the deportation proceeding that the defendant had before an immigration judge, and will also produce documentation regarding any removals and/or proceedings that the United States intends to introduce at trial.

**(22) Residual Request**

The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

### III

### DEFENDANT'S MOTION TO DISMISS INDICTMENT BECAUSE IT FAILS TO STATE AN OFFENSE SHOULD BE DENIED

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c)(3) states that an error in the indictment is not a ground for dismissal if it "did not mislead the defendant to the defendant's prejudice." Rule 7© was intended to introduce "a simple form of indictment." Advisory Committee Notes to Subdivision ©, Fed. R. Crim. P. 7 (2002). The Ninth Circuit has held that an indictment is generally appropriate if it sets forth the offense in the words of the statute itself. United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1991) (indictment that tracks the statute itself is generally sufficient); United States v. Johnson, 804 F.2d 1078, 1084

1  (9th Cir. 1986). In fact, an indictment which tracks a statute's language is presumptively valid as drafted. Musacchio, 968 F.2d at 787.

In Musacchio, this Court reasoned that in judging the sufficiency of the indictment, a court must determine whether the indictment adequately alleges the elements of the crime and whether the defendant was fairly informed of the charges against him, so the defendant can defend himself against the charge and be protected against a subsequent prosecution for the same act. Id.; United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986), United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982). The Government was required to state only the essential facts necessary to inform Musacchio of the crime charged. Musacchio, 968 F.2d at 787; United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. 1970). With respect to violation of 8 U.S.C. § 1326, an indictment that alleges that the defendant is a deported alien, subsequently found in the United States without permission, suffices. United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995).

In this case, the Indictment charging Defendant with attempted entry after deportation properly tracked the statutory language of 8 U.S.C. §1326 and sufficiently informs him of charges. The Indictment states:

> On or about March 29, 2008, within the Southern District of California, defendant JUAN VICTOR ZAMORA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326(a) and (b).
>
> It is further alleged that defendant JUAN VICTOR ZAMORA, was removed from the United States subsequent to February 17, 2006.

The Indictment clearly places Defendant on notice of the crime charged against him and allows him to adequately defend himself against the charge.

1   Consistent with the thrust of Rule 7, there generally are no "magic words" required in
2   indictments, and defendants are not entitled to have a charge reflect the wording of their choice
3   so long as, at minimum, they are given notice of the elements. "[T]he test of sufficiency of the
4   indictment is not whether it could have been framed in a more satisfactory manner, but whether
5   it conforms to minimal constitutional standards." United States v. Hinton, 222 F.3d 664, 672 (9th
6   Cir. 2000); see also Davis v. United States, 347 F.2d 378, 379 (10th Cir. 1965) (there is no
7   "magic" way of alleging *mens rea*); Hagner, 285 U.S. at 431 (courts should not ask "whether it
8   [the indictment] could have been made more definite and certain, but whether it contains the
9   elements of the offense"). An indictment that sets forth the charged offense in the words of the
10  statute itself is generally sufficient. United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986).
11  Here, the Indictment sufficiently tracks the language of the statute. The indictment is sufficient
12  and Defendant's motion should be denied.

13  Moreover, as the Ninth Circuit teaches in its decision in United States v. Salazar-Lopez,
14  506 F.3d 748 (9th Cir. 2007), "the date of the removal, or at least the fact that [Defendant] had been
15  removed after his conviction" should be alleged in the indictment. Id. at 752. The indictment
16  addressed by the Ninth Circuit in Salazar-Lopez did not have the requisite language, and therefore
17  the Court performed a harmless error analysis. Id. at 752-55. Here, however, the Indictment
18  expressly states: "It is further alleged that defendant JUAN VICTOR ZAMORA was removed
19  from the United States subsequent to February 17, 2006." That date correlates with Defendant's
20  last conviction and is consistent with Salazar-Lopez. As such, the Court should deny Defendant's
21  motion to dismiss.

## IV

### DEFENDANT'S MOTION TO DISMISS FOR VIOLATING HIS RIGHT TO PRESENTMENT SHOULD BE DENIED

25  Defendant argues that the Indictment violates his rights under the Fifth Amendment's
26  Presentment Clause. Defendant claims that: (1) there is no assurance that the grand jury was
27  instructed as to the "type of removal necessary to increase a person's statutory maximum under

1326(b); and (2) that the Government may at trial rely on a deportation that was never presented to, or considered by, the grand jury. Def. Mtn 9. Defendant's arguments lack merit.

The Court should reject Defendant's speculation regarding the adequacy of the instructions to the grand jury regarding legal terms such as "removal" or "deportation." The Supreme Court has held that the Fifth Amendment protection from trial for a crime not presented to a grand jury is triggered by "only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 802 (1989). If a grand jury returns an indictment when there is insufficient evidence to indict, the greatest safeguard is the petit jury and the rules governing its determination of guilt. United States v. Sears, Roebuck & Co., 719 F.2d 1386, 1392 n.7 (9th Cir. 1983). An accused's only cognizable interest in grand jury proceedings—and thus the only interest that courts can vindicate by dismissing an indictment on constitutional grounds—is the right to have a legally constituted grand jury make an informed and independent evaluation of the evidence to determine if there is probable cause to believe the accused guilty of a crime. Id. (citing United States v. Wright, 667 F.2d 793, 796 (9th Cir. 1982) (assuming erroneous grand jury instructions but still refusing to dismiss indictment)). A defendant must show that the prosecutor's conduct was "so flagrant" that it deceived the grand jury in a significant way, thereby infringing on its ability to exercise independent judgement. Wright, 667 F.2d at 796.

In United States v. Kenny, 645 F.2d 1323 (9th Cir. 1981), the Ninth Circuit rejected the defendant's request to dismiss the indictment on the basis of his allegation that the grand jury returned the indictment without any instruction on the applicable law. The Court stated that it was "not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions" and warned that "the giving of such instructions portends protracted review of their adequacy and correctness." Id. at 1347.

In this case, Defendant clearly seeks to accomplish precisely what Kenny feared. Namely, he wishes for this Court to review the adequacy and correctness of any instruction to the grand jury. But even if there was evidence—rather than merely Defendant's speculation—that the grand jury was not instructed on an element of the offense, that would not be sufficient grounds to

1   compel the dismissal of the indictment. United States v. Larrazolo, 869 F.2d 1354, 1359 (9th Cir.
2   1989), overruled on other grounds by Midland Asphalt, 489 U.S. at 799-800. More importantly,
3   Defendant does not and cannot credibly allege that the Government attempted to mislead the grand
4   jury in this case. Furthermore, there is no basis to suppose that the grand jury was impaired in its
5   ability to independently evaluate the evidence. Because Defendant has nothing but pure
6   speculation to support his assertion that his rights under the Presentment Clause were violated, the
7   Court should deny his motion.

## V

### DEFENDANT'S ALLEGATION OF GRAND JURY MISINSTRUCTION IS BASELESS

Defendant requests dismissal of the Indictment based solely, and admittedly, upon his conjecture that the January 2008 grand jury impanelment proceedings were flawed. Defendant states his basis for conjecture is rooted in unstated allegations raised with regard to a prior grand jury impanelment.[1] Defendant provides no support whatsoever for this motion with regard to the January 2008 grand jury and his motion should be denied.

## VI

### MOTION TO PRODUCE GRAND JURY TRANSCRIPTS

The defendant has moved to produce the grand jury transcripts for this case. In support his motion, the defendant argues that "based on past experience, the grand jurors in this district are not properly instructed on the law." Def. Mtn. 11. He further argues that the there is no indication that the grand jurors were advised of the legal definition of "removal." Id.

The United States is aware of its obligation in the presentation of evidence before the grand jury, and avers that it met its burden in charging the grand jury on the applicable law.

---

[1] It bears noting that the Hon. John A. Houston and the Hon. Barry Ted Moskowitz both previously issued a detailed Order analyzing and rejecting all of the arguments originally raised with regard to the prior grand jury, arguments which Defendant assumes in predicate. The United States will likely concur with those courts' reasoning insofar as Defendant ever articulates analogous objections.

1  Moreover, the defendant's basis for his motion, is inadequate to support the disclosure of the
2  grand jury transcript.  For these reasons, the defendant's motion should be denied.

### VII
### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### VIII
### CONCLUSION

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed.

DATED: September 8, 2008

                                                        Respectfully submitted,

                                                        KAREN P. HEWITT
                                                        United States Attorney

/s/ *Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2710-WQH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| JUAN VICTOR ZAMORA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY, DISMISS THE INDICTMENT, AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Joseph McMullen**
Federal Defenders of San Diego
225 Broadway Suite 900
San Diego, CA 92101-5008
(619)234-8467
Email: Joseph_McMullen@fd.org
*Attorney for defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2008

/s/ *Caroline P. Han*
CAROLINE P. HAN