```
 1  KAREN P. HEWITT
    United States Attorney
 2  CAROLINE P. HAN
    Assistant U.S. Attorney
 3  California State Bar No. 250301
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Phone: (619) 557-5220
    Fax: (619) 235-2757
 6  E-mail: caroline.han@usdoj.gov

 7  Attorneys for Plaintiff
    United States of America
 8
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **Criminal Case No. 08CR2710-WQH** |
|---|---|---|
| Plaintiff, | ) | **GOVERNMENT'S MOTIONS:** |
| v. | ) | **(1) TO COMPEL FINGERPRINT EXEMPLAR** |
|  | ) | **(2) FOR PRODUCTION OF RECIPROCAL DISCOVERY** |
| JUAN VICTOR ZAMORA, | ) | |
| Defendant. | ) | Hon William Q. Hayes |
|  | ) | September 15, 2008 |
|  | ) | 2:00 pm |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Motion to Compel the Defendant's Fingerprint Exemplar and for Production of Reciprocal Discovery, together with the attached Statement of Facts, and Memorandum of Points and Authorities.

**I**

**STATEMENT OF FACTS**

    **A. Statement of the Case**

    On August 13, 2008, a federal grand jury handed up a one-count Indictment charging the defendant with Attempted Entry after Deportation in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to February 17, 2006. Defendant entered a not guilty plea before Magistrate Judge Ruben B. Brooks on September 15, 2008.

    **B. Statement of Facts**

        **1. Defendant's Arrest**

    On March 29, 2008 at approximately 12:15 pm, the defendant attempted to enter the United States in the pedestrian lane of the San Ysidro Port of Entry. Customs and Border Protection (CBP) Officer Diana Serrato observed that the defendant presented her with a California birth certificate in the name of Saul Capetillo and that he stated that he was a United States citizen. CBP Officer Serrato asked the defendant for identification, and the defendant replied by stating that he had lost it. The defendant also provided Officer Serrato with two negative customs declarations. Officer Serrato asked the defendant where he was going, and he stated that he was going to California. Thereafter, the defendant was referred to secondary inspection.

    During secondary inspection, the defendant's biographical data, fingerprints and photograph were entered into Customs and Border Protection's computer systems. These searches revealed that Defendant had previously been deported, and was a Mexican citizen. The defendant also stated that he was a Mexican citizen and had been deported three days prior from Fresno, and was attempting to return to Fresno. Thereafter, CBP officers conducted additional checks through immigration databases, and confirmed that the defendant is a Mexican citizen with no legal documents to enter or remain in the United States. The defendant was subsequently arrested.

    At approximately 2:45 pm, the defendant was placed under arrest and advised of his <u>Miranda</u> rights. The defendant stated that he understood his rights, and invoked his right to remain silent.

**C. Defendant's Criminal History**

On August 5, 2003, the defendant was convicted of Possession of a Weapon in Bakersfield Municipal Court, and was ultimately sentenced to 9 months in jail.

In September 9, 2004, the defendant was convicted of Burglary in the First Degree in Bakersfield Superior Court, and was sentenced to 2 years prison.

On April 3, 2006, the defendant was convicted of Unlawful Taking of a Motor Vehicle in Bakersfield Superior Court, and was sentenced to 32 months prison.

## II

## GOVERNMENT MOTION FOR FINGERPRINT EXAMPLARS

**A. Government Motion For Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**B. Government's Motion to Compel Reciprocal Discovery**

**1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule

1  16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant
2  to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and
3  photograph any and all books, papers, documents, photographs, tangible objects, or make
4  copies or portions thereof, which are within the possession, custody, or control of Defendant
5  and which Defendant intends to introduce as evidence in his case-in-chief at trial.

6  The Government further requests that it be permitted to inspect and copy or photograph
7  any results or reports of physical or mental examinations and of scientific tests or experiments
8  made in connection with this case, which are in the possession and control of Defendant, which
9  he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness
10 whom Defendant intends to call as a witness. The Government also requests that the Court
11 make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the
12 Government receives the reciprocal discovery to which it is entitled.

**2. Reciprocal Jencks – Statements By Defense Witnesses**

14 Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires
15 production of the prior statements of all witnesses, except a statement made by Defendant.  The
16 time frame established by Rule 26.2 requires the statements to be provided to the Government
17 after the witness has testified.  However, to expedite trial proceedings, the Government hereby
18 requests that Defendant be ordered to provide all prior statements of defense witnesses by a
19 reasonable date before trial to be set by the Court.  Such an order should include any form in
20 which these statements are memorialized, including but not limited to, tape recordings,
21 handwritten or typed notes and reports.

# III

## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and to compel a fingerprint exemplar.

DATED: September 8, 2008

                                                                               Respectfully submitted,

                                                                               KAREN P. HEWITT
                                                                               United States Attorney

/s/ *Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>             v.<br><br>JUAN VICTOR ZAMORA,<br><br>                              Defendant. | )  Criminal Case No. 08CR2710-WQH<br>)<br>)<br>)  CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

   I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   **Joseph McMullen**
   Federal Defenders of San Diego
   225 Broadway Suite 900
   San Diego, CA 92101-5008
   (619)234-8467
   Email: Joseph_McMullen@fd.org
   *Attorney for defendant*

   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:
   None
the last known address, at which place there is delivery service of mail from the United States Postal Service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on September 8, 2008

                              /s/ *Caroline P. Han*
                              CAROLINE P. HAN